UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                     CRIMINAL NO. 06-20173

    v.                             DISTRICT JUDGE ARTHUR J. TARNOW

HARRY RAYMOND SMITH, III,      MAGISTRATE JUDGE VIRGINIA MORGAN

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO GRANT COSTS

This matter is before the court on the motion of defendant Smith for costs in connection with the taking of a deposition pursuant to F.R.Cr.P. Rule 15. The government has responded. Oral argument was held before the magistrate judge. This is a post-judgment motion filed after the defendant's acquittal on criminal charges. For the reasons set forth in this Report, it is recommended that the motion be granted in part (with the government paying for $559 in deposition costs) and denied in part (with travel and subsistence expenses being denied) on the grounds that it appears that the depositions were taken in reliance upon an earlier consent order which provided that each side would bear its own costs.

Mr. Smith's motion seeks expenses totaling $3336, based on $2777[1] in travel and subsistence, and $559.00 for cost of copies of depositions. F.R.Cr.P. Rule 15 provides the court discretion in awarding deposition expenses against the government for non-indigent defendants. The rule states that when the government requests depositions during the course of a criminal proceeding, the court may order it to pay the reasonable travel and subsistence costs of the non-indigent defendant and the defendant's attorney to attend the deposition as well as the costs of the deposition transcript. The portions of the rule requiring the government to pay for indigent defendants do not apply to Mr. Smith as he has not claimed that he is unable to bear the deposition expenses.

In this case, the government filed a motion to depose four foreign witnesses residing in Amman, Jordan, one week before the scheduled trial. The defendant objected on the grounds that the testimony was not material and the government had unduly delayed the depositions until the eve of trial. The district judge heard the motion and permitted the government to take the depositions, expressly reserving the issue of who would bear Mr. Smith's costs in connection with the deposition.

---

[1] A review of the affidavit shows errors in arithmetic. The amount of Mr. Gleeson's receipts totals $2677, not $928. The total for the two individuals would be about $4526 (not $2777.44) based on the numbers in the affidavit. However, it does not appear that the affidavit is consistent with government travel regulations. Applying the government per diem for Amman, Jordan in effect in October, 2007 ($241/day subsistence) and adding the airfare and ground transportation costs, results in a reimbursable expense amount for Mr. Gleeson of $2789 and for Mr. Smith of $2247, for a total of $5036. At oral argument, counsel was not sure if they were requesting more than the amount in the motion.

Mr. Smith and his attorney Gerald Gleeson traveled to Amman, Jordan to attend the depositions. The receipts and travel documents substantiate the travel and expenses. The government does not dispute the reasonableness of the amounts.[2]

The government says that expenses should be denied because Smith originally moved for issuance of letters rogatory seeking this same or similar testimony, arguing that the testimony was exculpatory and essential to his defense. The district judge granted defendant Smith's motion.[3] The consent order provided that Smith would bear the expenses of taking the deposition and the government would bear the expenses of its personnel and the cost of copies. Subsequently, Smith again asserted that the evidence was exculpatory and if it were not obtained, then he objected to admission of any other evidence from Jordanian witnesses. Thereafter, the government sought and obtained a court order authorizing Rule 15 depositions in Jordan for three Jordanian witnesses sought by Smith and one additional witness.

The government relies on the Third Circuit's decision in *United States v. Ismaili*, 828 F.2d 153, *cert. denied*, 485 U.S. 935 (1988). In that case, the court noted that in evaluating the application for a Rule 15 deposition, the district court should focus on the unavailability of a witness and the materiality of his testimony. Unavailability is to be judged in accordance with the practical standard of whether the government has made a good faith effort to produce the witness for trial. The standard for judging materiality is likewise pragmatic and the district court

---

[2]This is true whether the lower amount or the government travel and subsistence amount is used.

[3]The magistrate judge took no part in any of the pretrial proceedings and is unable to make findings as to the representations and materiality issues in dispute.

should strive "to avoid denying important evidence to all parties." 828 F.2d 153, 171, citing *United States v. Steele*, 685 F.2d 793 (3rd Cir. 1982). In the instant situation, the witnesses were clearly unavailable as they were beyond the reach of the subpoena power of the court and both sides seemed to believe that the testimony was material in that the defense had alleged it was exculpatory and essential to the defense and the government believed that it was necessary if testimony from other Jordanian witnesses would be admissible. Judge Becker in his concurrence noted that the options for video depositions make it more likely that a court grant a deposition because the reasons for denying the same–jury's opportunity to observe the witness and evaluate credibility in the courtroom–are essentially preserved in the video format. However, these standards bear only on the application for a Rule 15 deposition. They do not determine the allocation of costs. Here, the parties seem to have agreed early on to share the costs. The motion now for reimbursement seems inconsistent with that agreement, except for the cost of the transcript. If the issue of consent is set aside, the earlier request bears on the determination that the defense would have wanted this testimony in any event and the government's need for a Rule 15 deposition was a need created by that request. Thus, the equities would dictate shared expenses, each side to bear its own. Accordingly, it is recommended that the government be ordered to pay the cost of the depositions copies but that the defendant and his attorney be ordered to bear their own travel expenses. If the district judge should disagree and award defendant and his attorney travel costs, it is noted that the properly authorized amount should be $5036.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

        s/Virginia M. Morgan
        Virginia M. Morgan
        United States Magistrate Judge

Dated: March 12, 2008

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on March 12, 2008.

                                                s/Jane Johnson
                                                Case Manager to
                                                Magistrate Judge Virginia M. Morgan